Case 2:13-cv-00542-SLB   Document 9   Filed 07/31/13   Page 1 of 5

FILED
2013 Jul-31 AM 09:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, National Association, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 2:13-cv-542-SLB ) ) |
| SIMS BAIT MANUFACTURING COMPANY, INC., and STEPHEN G. SIMS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss. (Doc. 7).[1] Upon consideration of the Motion, the relevant law, and the arguments of the parties, the court is of the opinion that defendant's Motion is due to be denied.

## I. STANDARD OF REVIEW

Parties invoking federal jurisdiction "bear[] the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) take two forms: "[f]acial attacks" and "[f]actual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). Facial attacks "require [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned each document as it is filed in the court's record.

in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (alteration in original) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  Factual attacks, alternatively, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*  Given that defendants' Motion to Dismiss challenges diversity jurisdiction based upon facts outside of the pleadings, (*see* doc. 7-1), the standard for a factual attack applies.

While facial attacks require that the court take the allegations in a plaintiff's complaint as true, *see Lawrence*, 919 F.2d at 1529, with factual attacks, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *United States v. Spitzer*, 245 F. App'x 908, 910 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529).  Moreover, on a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence*, 919 F.2d at 1529).

## II.  FACTS AND PROCEDURAL HISTORY

This case arises out of the alleged failure of Sims Bait Manufacturing Company, Inc. and Stephen G. Sims's (collectively "defendants"), alleged failure to repay a $100,000 loan made to Sims Bait Manufacturing Company (and guaranteed by Stephen

Sims) on March 17, 2009, by plaintiff, Wells Fargo Bank, National Association ("plaintiff").  (Doc. 1 ¶¶ 2-3, 6-7, 11-12.)  Plaintiff filed its Complaint on March 21, 2013, (*id.* at 1), and has alleged two causes of action—breach of note and breach of the guaranty agreement, (*id.* at 4-5).  Plaintiff further alleges that the court has diversity jurisdiction under 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00.  (*Id.* ¶ 4.)  Specifically, plaintiff states that Sims Bail Manufacturing Company owed $88,887.87 on the debt as of March 11, 2013.  (*Id.* ¶ 13.)

On May 3, 2013, defendants filed a Motion to Dismiss, (doc. 7), stating that they had made a payment of $15,500.00 to plaintiff "on or about May 1, 2013," (*id.* ¶ 4).  They provide documentation of this payment as an exhibit, (*see* doc. 7-1), and state that the payment brings the overall debt of $88,887.87 down to $73,363.64, (doc. 7 ¶ 4).  Accordingly, defendants claim that plaintiffs no longer meet the $75,000 requirement of 28 U.S.C. § 1332.  (*Id.* ¶ 5).

### III.  DISCUSSION

While defendants argue that their payment divests the court of jurisdiction, (*see* doc. 7 ¶ 5), plaintiff responds that because defendant made this payment after the filing of the Complaint, the payment has no effect on the court's jurisdiction, (doc. 8 ¶¶ 2-5).  Specifically, plaintiff points the court to "the basic rule that jurisdiction is determined at the time of filing . . . ."  (*Id.* ¶ 3 (citing *Commercial Credit Corp. v. Lane*, 466 F. Supp.

1326, 1329-30 (M.D. Fla. 1979)).) The court agrees with plaintiff.

Because, as plaintiff has argued, it is a basic rule that diversity jurisdiction is determined at the time of filing, the issue does not warrant much further discussion.[2] Despite the fact that defendants have presented evidence demonstrating their payment to plaintiff on May 1, 2013, (*see* doc. 7-1), this does not change the fact that the Complaint was filed over a month prior to the payment, (*see* doc. 1). Accordingly, plaintiff sufficiently alleged that there was diversity jurisdiction as of the time of filing, when defendants allegedly owed $88,887.87. (*See id.* ¶ 13.) Thus, the court has jurisdiction over this action, and defendants' Motion to Dismiss is due to be denied.

---

[2] Even aside from the numerous cases cited by plaintiff, *see, e.g.*, *Commercial Credit Corp. v. Lane*, 466 F. Supp. 1326, 1329-30 (M.D. Fla. 1979) (discussing the general rule that "the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced" and stating that a payment reducing the amount owed after the commencement of the suit "cannot divest this Court of subject matter jurisdiction"), the court notes that there is an abundance of authority recognizing this rule, *see, e.g.*, 14AA Arthur R. Miller, *Federal Practice and Procedure* § 3702.4 (4th ed.) ("Under an easily stated, *well-settled principle*, reflected in numerous cases, as illustrated by the citations in the notes below, drawn from throughout the federal judicial system, the existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts and circumstances as of the time that an action is commenced in a federal court . . . . There also is a related principle supported by numerous cases concluding that once the case is lodged in the federal system, subsequent events in the litigation, whether beyond the [party's] control *or the result of his or her volition* . . . cannot destroy the district court's subject matter jurisdiction once it has been acquired either by commencement in a federal court or by way of removal. For example, if the plaintiff brings suit in a state court, demanding a sum of money in excess of the jurisdictional amount, and the defendant properly removes the action to a federal court, any subsequent reduction by the plaintiff of the amount claimed or stipulation to that effect will not divest the federal court of subject matter jurisdiction and cause the case to be remanded to state court according to a plethora of decisions . . . . Moreover, even if part of the plaintiff's claim is dismissed, for example, on a motion for summary judgment, thereby reducing the plaintiff's remaining claim below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim." (emphasis added)).

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss will be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously with this Opinion.

**DONE**, this 30th day of July, 2013.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE